UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alicia Shakia Eaton, E.D., *a minor, by Alicia S. Eaton, his mother and legal guardian*, and S.J., *a minor, by Alicia S. Eaton her mother and legal guardian*, | Civil No. 10-1804 (JRT/FLN) |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| Minnesota Attorney General's Office, Hennepin County Attorney's Office, Hennepin County Conciliation Court, Nancy Adams, Hennepin County District Court, John Q. McShane, and Natividad Acevedo, | |
| Defendants. | |

_____

Alicia Shakia Eaton, *Pro Se* Plaintiff.
Daniel P. Rogan for Defendant Hennepin County Attorney's Office.
John S. Garry for Defendants Minnesota Attorney General's Office, Hennepin County Conciliation Court, Nancy Adams, Hennepin County District Court, and John Q. McShane.
Natividad Acevedo, *Pro Se* Defendant.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 16, 2010 on a Motion to Dismiss of State Defendants [#7] and Motion to Dismiss of Defendant Hennepin County Attorney's Office [#21]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the motions to dismiss be **GRANTED** and this action be dismissed with prejudice.

### I.  FINDINGS OF FACT

In the instant action, Plaintiffs have sued (i) a state court judge – Defendant John Q. McShane, (ii) a state court administrator – Defendant Nancy Adams, and (iii) a private citizen –

Defendant Natividad Acevedo as well as (iv) the Minnesota Attorney General's Office, (v) the Hennepin County Attorney's Office, (vi) Hennepin County Conciliation Court, and (vii) Hennepin County District Court. (Compl.) Plaintiffs' Complaint asserts multiple allegations, including, among other things, violations of their civil rights.

Plaintiff Alicia Shakia Eaton initially sued Defendant Acevedo in Hennepin County Conciliation Court. Her claim against Acevedo arose from a landlord/tenant dispute. Plaintiff Eaton was partially successful in her original conciliation court action and obtained a judgment against Defendant Acevedo on December 4, 2008. (Compl. Ex. 1.) Nevertheless, Plaintiff attempted to appeal her judgment against Defendant Acevedo in Hennepin County District Court by submitting a Demand for Removal to the District Court. (Compl. Ex. 5.) Defendant Nancy Adams, a Hennepin County Court Administrator, informed Plaintiff Eaton, in writing on December 31, 2008, that she could not continue to pursue the appeal of her conciliation court judgment against Acevedo in Hennepin County District Court because she had not submitted certain necessary paperwork within the time period prescribed by Minnesota state law. (Compl. Ex. 7.) Plaintiff Eaton subsequently attempted to re-litigate her landlord/tenant claims against Acevedo by filing a new summons and complaint in Hennepin County District Court on January 7, 2009. (Compl. Ex. 11.) Defendant John Q. McShane was the presiding judge in the new state district court case. Defendant McShane ultimately dismissed with prejudice Plaintiff Eaton's state district court lawsuit against Defendant Acevedo, determining that her state district court claims were "barred by res judicata." (Compl. Ex. 36.)

On November 30, 2009, Plaintiffs then commenced a federal lawsuit against Defendants Acevedo, Adams and McShane as well as the Minnesota Attorney General's Office, the Hennepin County Attorney's Office, Hennepin County Conciliation Court, and Hennepin

2

County District Court. Plaintiffs' complaint in that federal lawsuit was dismissed without prejudice after Plaintiffs failed to file an amended complaint that complied with pleading requirements within the thirty days allotted by court order. (D. Minn. 09-cv-3405, Doc. Nos. 6, 10 and 11.)

Plaintiffs have now sued Defendants Acevedo, Adams and McShane in federal court for a second time, claiming that Defendants McShane and Adams violated their rights under federal and state law, and under the federal Constitution, during the course of Plaintiff Eaton's prior state court proceedings. Just as before, Plaintiffs have also sued the Minnesota Attorney General's Office, the Hennepin County Attorney's Office, Hennepin County Conciliation Court, and Hennepin County District Court. Plaintiffs seek a judgment against Defendants in the amount of "ONE MILLION FIVE HUNDRED THOUSAND and 00/100 ($1,000,500,00)" [sic], plus an additional judgment of $8,685.83 against Defendant Acevedo. (Compl. at 30.)

Plaintiffs' complaint in the instant action is identical to that filed in the previous federal lawsuit. (*Compare* Compl. *with* Doc. No. 1, D. Minn. 09-cv-3405 (JNE/AJB).) Magistrate Judge Boylan noted, in the earlier case, that Plaintiffs' complaint, as filed, was "seriously defective in several respects," and that their "claims for relief cannot survive intact." (Order, Dec. 21, 2009, Doc. No. 6 at 3, D. Minn. 09-cv-3405 (JNE/AJB).) Plaintiff Eaton was notified that, in order to cure the defects of the former complaint and pursue this action, she, at a minimum, would have to abide by the following:

> (i) Plaintiff cannot attempt to sue Defendant John Q. McShane;
> (ii) Plaintiff cannot attempt to sue Defendant Nancy Adams, unless she is able to present some credible allegations that would overcome Adams's apparent immunity from suit for actions undertaken as part of the state court judicial process;
> (iii) Plaintiff cannot sue the Minnesota Attorney General's Office, the Hennepin County Attorney's Office, the Hennepin County Conciliation Court, or the Hennepin County District Court, unless she can allege facts showing (a) that each

of those Defendants is a cognizable legal entity that is suable as such, and (b) that each of those Defendants was directly involved in some violation of Plaintiff's substantive legal rights; and
(iv) Plaintiff cannot sue Defendant Acevedo, unless she can allege a credible set of facts that would support a claim that is not barred by res judicata.

(Order, Dec. 21, 2009, Doc. No. 6 at 5, D. Minn. 09-cv-3405 (JNE/AJB).)

Plaintiffs were provided the opportunity to file an amended complaint in the previous action to cure the deficiencies of their complaint, however, they took no action. The matter was subsequently dismissed without prejudice. All of the defects have remained uncured as the complaint in the instant action is identical to that which was deemed deficient by Magistrate Judge Boylan.

For the reasons which follow, the instant action must be dismissed with prejudice.

## II.   STANDARD OF REVIEW

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state

4

a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949.

In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, citing Fed. R. Civ. P. 8(a)(2).

### III.  CONCLUSIONS OF LAW

In order to survive the motion to dismiss, Plaintiffs' claims against Defendants must be facially plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The facts alleged must allow this Court to draw a reasonable inference that Defendants are liable to Plaintiff for the misconduct alleged. *Id.* Here, the facts alleged, even if assumed to be true, do not permit the Court to reasonably infer Defendants' liability to Plaintiffs. The Court need not address each count in detail, as the undersigned has determined that Plaintiffs' complaint, in its entirety, has failed to meet the pleadings standard of *Iqbal* and *Twombly* and fails to state any claim, arising under federal or state law, upon which relief may be granted.

    **A.**    **Claims Against Hennepin County District Court and Hennepin County Conciliation Court**

The Eleventh Amendment bars private parties from suing a non-consenting state in federal court unless Congress has unequivocally abrogated the state's constitutional sovereign immunity. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-40, 105 S. Ct. 3142, 3145-46

(1985). This proscription applies regardless of the nature of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-02 (1984). It also applies equally to actions against agencies or departments of the state. *Id.* at 100; *Florida Dep't of Health and Rehabilitative Servs. v. Florida Nursing Home Ass'n,* 450 U.S. 147 (1981) (per curiam).

The State of Minnesota has not waived its Eleventh Amendment immunity from suit in federal court for claims such as those brought by Plaintiffs here. *See DeGidio v. Perpich,* 612 F. Supp. 1383, 1388-89 (D. Minn. 1985) (recognizing that the State of Minnesota's limited waiver of sovereign immunity from tort actions in state court is not a waiver of Eleventh Amendment immunity from suit in federal court for federal constitutional claims). Moreover, Congress did not abrogate Eleventh Amendment immunity in enacting the civil rights statutes. *See Quern v. Jordan,* 440 U.S. 332, 338-45 (1979) (holding that Congress did not abrogate the states' Eleventh Amendment immunity in enacting Section 1983); *Singletary v. Missouri Dep't of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005) (holding that Congress did not abrogate the states' Eleventh Amendment immunity in enacting Section 1981).

Hennepin County District Court is the Fourth Judicial District of the State of Minnesota. *See* Minn. Stat. § 2.722, subd. 1 (2008). Hennepin County Conciliation Court is a division of Hennepin County District Court. Minn. Stat. § 491A.01, subd. 1 (2008). As such, Hennepin County District Court and Hennepin County Conciliation Court are each part of the judicial branch of the government of the State of Minnesota. *See* Minn. Const. art. VI. Accordingly, the Eleventh Amendment deprives this Court of subject matter jurisdiction over Plaintiffs' claims against Hennepin County District Court and Hennepin County Conciliation Court.[1] *See Harris*

---

1 Additionally, no state statutory provision authorizes Hennepin County Conciliation Court to sue or be sued in its own name.

*v. Missouri Court of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986) (recognizing that a "court is not a 'person' within the meaning of the Civil Rights Act" and "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"), *cert. denied*, 479 U.S. 851 (1986).

Not only are Hennepin County District Court and Hennepin County Conciliation Court immune from this action, but the courts cannot be liable for any alleged civil rights violations of its agents as the doctrine of respondeat superior does not apply to such claims. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978).

The Minnesota courts must be dismissed as parties to this action.

**B.     Claims Against Judge McShane and Nancy Adams**

The Eleventh Amendment also bars claims against state officials in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169- 70 (1985); *Morstad v. Department of Corrs. & Rehab.*, 147 F.3d 741, 743 (8th Cir. 1998); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (stating that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and "[a]s such, it is no different from a suit against the State itself"). In addition, state officials acting in their official capacities are not "persons" subject to suit for damages under Sections 1983 and 1981. *Will*, 491 U.S. at 71. Absent a clear statement by a plaintiff that an official is to be sued in his individual capacity, courts interpret a complaint under the civil rights statutes as alleging only official-capacity claims. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Because Plaintiffs' complaint does not explicitly assert claims against Defendants McShane and Adams in their individual capacities, Plaintiffs have sued them in only their official capacity.

7

Plaintiffs have clearly initiated this suit against Defendant McShane stemming from acts and omissions that allegedly occurred while he was acting in his judicial capacity. He is thus absolutely immune from Plaintiffs' current lawsuit under the doctrine of judicial immunity. *Harris v. Missouri Court of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986) *cert. denied*, 479 U.S. 851 (1986) ("Individual judges are immune from civil suit when acting within their judicial capacity, even in § 1983 Civil Rights actions."); *see Stump v. Sparkman,* 435 U.S. 349, 355-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978); *Patten v. Glaser,* 771 F.2d 1178, 1179 (8th Cir.1985) (per curiam); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986).

Additionally, Plaintiffs appear to have sued Defendant Adams for acts or omissions that allegedly occurred while she was performing her duties as a court administrator. She is also immune from Plaintiffs' claims under the doctrine of judicial immunity. *See Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (finding that "filing of complaints and other documents is an integral part of the judicial process" and thus a court clerk "would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks").

Defendants McShane and Adams must be dismissed from the instant lawsuit.

**C.     Claims Against the Hennepin County Attorney's Office**

Absent authority expressly conferred by statute or ordinance, an agency or department of a municipal corporation does not have the capacity to sue or be sued as a separate entity. *Ryan v. Civil Service Commission*, 154 N.W.2d 192, 194 (1967). Here, the Hennepin County Attorney's Office is not a cognizable legal entity that is suable as such. It is an operational department of

Hennepin County and not a separate legal entity. No statute grants the Hennepin County Attorney's Office the power to sue or be sued.[2] *See Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475 (8th Cir. 2001) (recognizing that a complaint fails to state a claim if the defendant is not a legal entity capable of being sued); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163, n. 1 (D. Minn. 1987); *Lueth v. City of Glencoe,* 2002 WL 31059892 at *1, n.1 (D. Minn. Sept. 11, 2002).

Moreover, there are no allegations within Plaintiffs' complaint which suggest that the Hennepin County Attorney's Office played any role in any of the events giving rise to this lawsuit. (*See* Order, Dec. 21, 2009, Doc. No. 6 at 3, D. Minn. 09-cv-3405 (JNE/AJB).)

The Hennepin County Attorney's Office must also be dismissed as a party to this lawsuit.

**D.     Claims Against the Minnesota Attorney General's Office**

Similarly, there are no allegations within Plaintiffs' complaint which suggest that the Minnesota Attorney General's Office played any role in any of the events giving rise to this lawsuit. (*See* Order, Dec. 21, 2009, Doc. No. 6 at 3-4, D. Minn. 09-cv-3405 (JNE/AJB).)[3] The Minnesota Attorney General's Office, as part of the executive branch of the State of Minnesota, is further shielded from this suit by the Eleventh Amendment, as described above.

The Minnesota Attorney General's Office must be dismissed from this lawsuit.

**E.     Claims Against Natividad Acevedo**

---

[2] Hennepin County, however, is a legal entity that can sue and be sued. *See* Minn. Stat. § 373.01, subd. 1(1). Hennepin County's departments or divisions cannot.

[3] Even if Plaintiffs were to suggest that the Minnesota Attorney General's Office and/or the Hennepin County Attorney's Office were vicariously liable for the acts of any of their employees which may have amounted to violations of Plaintiffs' civil rights, neither Defendant would be liable to Plaintiffs as the doctrine of respondeat superior does not apply to such claims. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978).

Defendant Acevedo appeared at the hearing and expressed frustration with having to make repeated court appearances related to the instant lawsuit, in which Plaintiff Eaton asserts claims against Defendant Acevedo that, she argues, were previously dismissed. Defendant Acevedo stated, in part:

> All I know is that this is the fourth time I'm coming to court. The past time we went to court, Alicia brought up these same charges on me as far as . . . I created insurance fraud and all this other stuff. I don't understand why I'm back in court again. I mean, it was dismissed, you know, with what she filed . . . and the case was dismissed. And I keep coming back to court for something that, you know, that we took care of already in the past, and I don't understand why. I mean, I also have to live. I have to take time off from work in order to come here to prove what? The same thing that I've done back in the past? I don't understand this, Your Honor . . . . I just want to be left alone so I can live my life . . . . I can't keep doing this . . . .

(Mot. Hrg. July 16, 2010 at 10:22-23.) Although Defendant Acevedo has not filed a formal motion to dismiss, the Court construes her argument at the hearing as an oral motion to dismiss. In any event, the Court addresses Plaintiffs' claims with respect to Defendant Acevedo sua sponte.

The Court concludes that, to the extent Plaintiffs' complaint seeks relief from Defendant Acevedo, the claims stem from the same facts and circumstances as those which gave rise to the landlord/tenant actions previously filed in state court. Plaintiffs were additionally provided with an opportunity to file an amended complaint in the previous federal matter, yet took no action. Magistrate Judge Boylan went so far as to expressly advise Plaintiff Eaton that she "cannot sue Defendant Acevedo, unless she can allege a credible set of facts that would support a claim that is not barred by res judicata." (Order, Dec. 21, 2009, Doc. No. 6 at 5, D. Minn. 09-cv-3405 (JNE/AJB).) Still, Plaintiffs have not altered their complaint in any substantial way and, in fact, have filed an identical complaint to that which was filed in the previous action. The Court finds that any and all claims asserted against Defendant Acevedo in the instant action arise from the

same misdeeds described in Plaintiff Eaton's prior state court complaints. The claims against Defendant Acevedo are barred by the doctrine of res judicata. (*See also* Order, Dec. 21, 2009, Doc. No. 6 at 4, D. Minn. 09-cv-3405 (JNE/AJB).)

Any and all claims asserted against Defendant Acevedo must be dismissed.

To survive the motions to dismiss, Plaintiffs' complaint must contain sufficient factual matter that, if accepted as true, would state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), quoting *Twombly*, 550 U.S. 544, 570. The complaint has facial plausibility only if it contains factual allegations that allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 556. Plaintiffs received notice of the deficiencies of their complaint via Magistrate Judge Boylan's order in the previous federal action (Order, Dec. 21, 2009, Doc. No. 6, D. Minn. 09-cv-3405 (JNE/AJB)), yet Plaintiffs failed to cure the defects of their complaint. Given that Plaintiffs failed to amend their complaint in the earlier lawsuit, and instead, willfully disregarded Magistrate Judge Boylan's order by initiating a separate, new action by filing an identical, deficient complaint, dismissal of the instant action with prejudice is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure. *See Givens v. A.H. Robins Co.,* 751 F.2d 261, 263 (8th Cir. 1984) (finding that dismissal with prejudice under Rule 41 is appropriate where there is a willful disobedience of a court order or continued or persistent failure to prosecute a complaint); *Grant v. Astrue,* 2010 WL 3023915 at *1 (D. Minn. July 13, 2010). Since the complaint does not contain sufficient factual matter to state any plausible claim for relief, Plaintiffs' have failed to assert valid claims against all named Defendants.

For the reasons articulated herein, the Court finds that the motions to dismiss should be granted and the matter dismissed with prejudice.

### IV.  RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Motion to Dismiss of State Defendants [#7] be **GRANTED**;

2) Motion to Dismiss of Defendant Hennepin County Attorney's Office [#21] be **GRANTED**;

3) Plaintiffs' Motion in Opposition to State Defendants [sic] Motion to Dismiss [#12] be **DENIED**;

4) Plaintiffs' Motion in Opposition to Defendant Hennepin County Attorney's Office [sic] Motion to Dismiss [#27] be **DENIED**;

5) This action be **DISMISSED with prejudice**; and

6) **JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: August 26, 2010  *s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 9, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 9, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.