# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALICIA SHAKIA EATON, E.F.D., *a minor by Alicia S. Eaton, his mother and legal guardian*, and S.K.J., *a minor, by Alicia S. Eaton her mother and legal guardian*,<br><br>Plaintiffs,<br><br>v.<br><br>MINNESOTA ATTORNEY GENERAL'S OFFICE, HENNEPIN COUNTY ATTORNEY'S OFFICE, HENNEPIN COUNTY CONCILIATION COURT, NANCY ADAMS, HENNEPIN COUNTY DISTRICT COURT, JOHN Q. MCSHANE, and NATIVIDAD ACEVEDO,<br><br>Defendants. | Civil No. 10-1804 (JRT/FLN)<br><br><br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Alicia Shakia Eaton, Post Office Box 6071, Minneapolis, MN 55404, *pro se* plaintiff.

John S. Garry, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendants Minnesota Attorney General's Office, Hennepin County Conciliation Court, Nancy Adams, Hennepin County District Court, and John Q. McShane.

Daniel Rogan, Assistant Hennepin County Attorney, **OFFICE OF THE HENNEPIN COUNTY ATTORNEY**, 2000A Government Center, Minneapolis, MN 55487, for defendant Hennepin County Attorney's Office.

Natividad Acevedo, 3854 Thirty-Fifth Avenue South, Minneapolis, MN 55406, *pro se* defendant.

Plaintiffs brought this action for violations of state and federal rights arising out of the denial of an appeal of a Hennepin County Conciliation Court judgment.  The various defendants moved to dismiss the complaint based on immunities provided by precedent, state law, the United States Constitution, and on principles of preclusion.  Because plaintiffs have repeatedly failed to allege any facts that, taken as true, state a claim on which relief can be based against any defendant properly subject to suit, the Court dismisses this action with prejudice.

## BACKGROUND

On December 4, 2008, plaintiff Alicia Shakia Eaton sued defendant Natividad Acevedo in Hennepin County Conciliation Court.  Her claim against Acevedo arose from a landlord-tenant dispute.  Eaton was partially successful in her court action and obtained a judgment against Acevedo on December 4, 2008. (Notice of Judgment, Compl. Ex. A - Ex. 1, Docket No. 1.)  Eaton attempted to appeal the portion of the judgment on which she did not succeed against Acevedo in Hennepin County District Court by submitting a Demand for Removal to the District Court.  (Demand for Removal, Compl. Ex. A - Ex. 5.)  On December 31, 2008, Defendant Nancy Adams, a Hennepin County Court Administrator, informed Eaton in writing that Eaton could not continue to pursue the appeal of her conciliation court judgment against Acevedo in Hennepin County District Court because she had not submitted certain necessary paperwork within the time period prescribed by Minnesota state law.

On January 7, 2009, Eaton attempted to re-litigate her landlord-tenant claims against Acevedo by filing a new summons and complaint in Hennepin County District Court. Defendant John Q. McShane was the presiding judge in the new state district court case. Judge McShane dismissed with prejudice Eaton's state district court lawsuit against Acevedo, determining that her state district court claims were barred by res judicata. (Compl. Ex. 36.)

On November 30, 2009, Eaton, along with minors E.D. and S.J. ("plaintiffs"), commenced a federal lawsuit against Acevedo, Adams, and McShane as well as the Minnesota Attorney General's Office, the Hennepin County Attorney's Office ("HCAO"), Hennepin County Conciliation Court, and Hennepin County District Court. United States Magistrate Judge Arthur J. Boylan noted that plaintiffs' complaint, as filed, was "seriously defective in several respects," and that their "claims for relief cannot survive intact." (Order at 3, Dec. 21, 2009, D. Minn. 09-cv-3405, Docket No. 6.) The Magistrate Judge dismissed the complaint without prejudice after plaintiffs failed to file an amended complaint that complied with pleading requirements within the thirty days allotted by the court order. (Orders and Judgment, D. Minn. 09-cv-3405, Docket Nos. 6, 10, and 11.)

Plaintiffs now sue Defendants Acevedo, Adams, and McShane in federal court for a second time, claiming that Defendants McShane and Adams violated their rights under federal and state law, and under the federal Constitution, during the course of Eaton's prior state court proceedings. As before, plaintiffs also sue the Minnesota Attorney

General's Office, the Hennepin County Attorney's Office, Hennepin County Conciliation Court, and Hennepin County District Court.

Defendants Nancy Adams, Hennepin County Conciliation Court, Hennepin County Attorney's Office, Hennepin County District Court, Minnesota Attorney General's Office and Judge John Q. McShane filed a motion to dismiss the complaint on May 11, 2010.  (Docket No. 7.)  Defendant Hennepin County Attorney's Office filed a motion to dismiss on June 3, 2010 (Docket No. 21).  On August 26, 2010, United States Magistrate Judge Franklin L. Noel filed a Report and Recommendation recommending that defendants' motions to dismiss be granted and plaintiffs' instant federal action be dismissed with prejudice.  (*See* Report & Recommendation, Docket No. 49).  On September 15, 2010, this Court entered an Order adopting the Report and Recommendation as no objections had been filed.  (Docket No. 53.)  However an "Affidavit of Service" by plaintiffs was served by the Clerk of the Court on September 14, 2010 and docketed the next day.  The accompanying affidavit indicated that the objections had been sent on September 9, 2010, thus the Court vacated its previous order adopting the Report and Recommendation.  (Docket No. 58.)  The Court has conducted a *de novo* review of plaintiffs' objections to the Magistrate Judge's Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.1(c)(2).  For the reasons set forth below, the Court overrules plaintiff's objections, adopts the Report and Recommendation, grants the motions to dismiss, and dismisses the action with prejudice.

# DISCUSSION

## I. STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001) (per curiam). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore, must be dismissed. *Id.* (internal quotation marks omitted).

## II. HENNEPIN COUNTY DISTRICT COURT AND HENNEPIN COUNTY CONCILIATION COURT

Plaintiffs object to the Magistrate Judge's finding that the Eleventh Amendment bars private parties from suing a non-consenting state in federal court unless Congress has unequivocally abrogated the state's constitutional sovereign immunity. Plaintiffs'

grounds for objection appear to be that Minnesota's Human Rights Act ("MHRA") can be construed as a waiver of Eleventh Amendment immunities.

Regardless of the relief sought, the Eleventh Amendment bars plaintiffs from suing a non-consenting state entity in this Court without Congressional abrogation. *Pennhurst State. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-40 (1985) (elaborating on exceptions). This rule applies equally to actions against agencies or departments of the state. *See, e.g.*, *Fla. Dep't of Health and Rehabilitative Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147 (1981). The State of Minnesota has **not** waived its Eleventh Amendment immunity from suit in federal court for federal constitutional claims. *See DeGidio v. Perpich*, 612 F. Supp. 1383, 1388-89 (D. Minn. 1985). Further, Congress has not abrogated Eleventh Amendment immunity in enacting the civil rights statutes. *See Quern v. Jordan*, 440 U.S. 332, 339-40 (1979) (finding that "the [State] could not be joined as a defendant without violating the Eleventh Amendment, even though the complaint was based on 42 U.S.C. § 1983 . . . . There can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit." (internal quotation marks omitted)).

Additionally, Hennepin County Conciliation Court is a division of Hennepin County District Court, Minn. Stat. § 491A.01, subd. 1 (2008), and each are part of the

judicial branch of the government of the State of Minnesota. *See* Minn. Const. art. VI. Thus, as discussed in the Report and Recommendation, the Eleventh Amendment deprives this Court of subject matter jurisdiction over plaintiffs' claims against Hennepin County District Court and Hennepin County Conciliation Court. *See Harris v. Mo. Court of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986) (recognizing that a "court is not a 'person' within the meaning of the Civil Rights Act" and "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment.").

Plaintiffs' objections do not suggest any statute or case-law providing a means to bring their claims in this Court against the Hennepin County District or Conciliation Courts, thus their motions to dismiss will be granted, and plaintiffs' objections are overruled.

### III.   JUDGE MCSHANE AND NANCY ADAMS

Plaintiffs continue their objections that because, in their view, the MHRA waives the State's Eleventh Amendment immunity, the Magistrate Judge's Report and Recommendation should be rejected and the underlying motions denied as to Judge McShane and Adams.

Though plaintiffs' initial complaint, "amended complaint," and objections do not state that the claims were brought against either Judge McShane or Adams in their individual capacities, in their reply brief plaintiffs attempt to "clarify" that "State Defendants are being sued in their individual capacity, as well as their official, and

professional capacity as public officials." (Pls.' Reply at 3, Docket No. 66.) Though plaintiffs' claims are imprecise the court liberally construes pro se complaints. *Haggy v. Solem*, 547 F.2d 1363, 1364 (8th Cir. 1977) Liberal construal notwithstanding, a review of all the evidence in this case, including transcripts from various hearings, evinces no evidence that plaintiffs' claims are predicated on acts or omissions occurring outside Judge McShane and Adams' work as officers of the court. Thus, even if the Court were to interpret plaintiffs' claims as being against defendants in their official **and** individual capacities, which it does not, plaintiffs' claims in this case would still be barred by judicial immunity, which is absolute immunity, and which has not been waived. *Harris*, 787 F.2d at 429 ("Individual judges are immune from civil suit when acting within their judicial capacity, even in § 1983 Civil Rights actions."); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (finding that "the filing of complaints and other documents is an integral part of the judicial process and that [the district court clerk] would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks."). Thus, Judge McShane and Adams motion to dismiss is granted and plaintiffs' objections are overruled.

## IV.  HENNEPIN COUNTY ATTORNEY'S OFFICE

The HCAO is not a cognizable entity subject to suit, because it is an operational department of Hennepin County, and not a separate legal entity with the power to sue or be sued. *See In re Scott Cnty. Master Docket*, 672 F. Supp. 1152, 1163 n.1 (D. Minn. 1987) ("[S]ome plaintiffs named non-legal entities such as the Scott County Attorney's

Office . . . as [a] defendant[]. [This] . . . office[] [is not a legal entity] subject to suit; therefore, the claims against [it] must be dismissed."). Moreover, defendant HCAO argued in its response to plaintiffs' objections, and in a hearing on July 16, 2010, that there are no allegations within plaintiffs' complaint suggesting that the HCAO played any role in any events giving rise to this lawsuit. (HCAO's Resp. to Objections at 1, Docket No. 59; Hearing Tr. 4:8-24, Letter from Plaintiff, Second Transcript, Docket No. 70.) Though plaintiffs continue to insist the HCAO was appropriately included in this litigation, the Court finds no evidence, beyond the testimony of Ms. Eaton, that the HCAO had any part in any activity comprising the substance of plaintiffs' claims. Because the HCAO is not an entity subject to suit, and no evidence suggests it had any role in any events giving rise to this lawsuit, it will be dismissed from the case.

## V. MINNESOTA ATTORNEY GENERAL'S OFFICE

Like the HCAO, plaintiff has stated no allegations suggesting that the Minnesota Attorney General's Office played any role in any events giving rise to this lawsuit. Further, as a part of the executive branch of the State of Minnesota, the Attorney General's office is shielded from this suit by the Eleventh Amendment as discussed above. Thus, the Minnesota Attorney General's Office's motion to dismiss will be granted and it will be dismissed from this case.

## VI. NATIVIDAD ACEVEDO

Though Acevedo has not filed a formal motion to dismiss, the Court approves of the Magistrate Judge's construal of her argument at a hearing as an oral motion to dismiss

based on res judicata. (Hearing Tr. 10:22-23, July 16, 2010.) An independent review of the record demonstrates that plaintiffs' complaint against Acevedo filed in this case stems from the same facts and circumstances as those which gave rise to the actions previously filed in both state and federal courts. Plaintiffs were provided multiple opportunities to re-file a complaint alleging facts supporting a claim not barred by res judicata, but have repeatedly failed to do so. (Order, Dec. 21, 2009, D. Minn. 09-cv-3405, Docket No. 6.)

Further, the Court received a document purporting to be an "Amended Complaint" first on July 8, 2010, and then again on October 8, 2010. (Docket No. 62.) The Magistrate Judge twice determined that plaintiffs could not file an amended complaint in this case because plaintiffs failed to state the basis for the proposed amendments, failed to file a supporting memorandum, and failed to file a proposed amended complaint (Order, Docket No. 39; Order, Docket No. 46.) There has been no further motion to amend. The Court will not consider the document part of the record in this matter.

Because no credible facts have been alleged supporting a claim against Acevedo that are not barred by res judicata, the Court grants Acevedo's motion to dismiss, and overrules plaintiffs' objections.

## VII. DISMISSAL WITH PREJUDICE

If a plaintiff fails to comply with the rules of court or a court order, dismissal with prejudice is appropriate. Fed. R. Civ. P. 41(b). "An action should be dismissed with prejudice only after balancing the policy of giving the plaintiff her day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving

respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991) (internal quotation marks omitted).  The Court is aware of plaintiffs' assertion that they attempted to contact counsel to obtain *pro bono* assistance with their complaint in this case, which apparently came to no avail.  However, even with that consideration, plaintiffs have now attempted to file the same complaint on at least three separate occasions, and each time have received orders from a judge describing what steps need to be taken to properly pursue their claims, yet plaintiffs have not complied with these directives.  Further, plaintiffs have had their day in court, and initially received a partially favorable ruling.  Plaintiffs' claims have appeared before no less than four federal judges, and plaintiffs have been afforded many opportunities to properly prosecute their claims.  Since the complaint in this case does not contain sufficient factual matter that, if accepted as true, would state a claim for relief, plaintiffs have failed to assert valid claims against all defendants.  Plaintiffs' claims will be dismissed with prejudice, due to their repeated failure to properly bring a claim against any defendant.

**ORDER**

Based on the foregoing and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiffs' objections [Docket No. 57] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 49].  Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants Minnesota Attorney General's Office, Hennepin County Conciliation Court, Nancy Adams, Hennepin County District Court, and Judge John Q. McShane's Motion to Dismiss [Docket No. 7] is **GRANTED**.

2. Defendant Hennepin County Attorney's Office Motion to Dismiss [Docket No. 21] is **GRANTED**.

3. Defendant Natividad Acevedo's oral motion to dismiss is **GRANTED**.

4. Plaintiffs' Motion in Opposition to State Defendants' Motion to Dismiss [Docket No. 12] is **DENIED**.

5. Plaintiffs' Motion in Opposition to Defendant Hennepin County Attorney's Office Motion to Dismiss [Docket No. 27] is **DENIED**.

6. This action is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 28, 2011  
at Minneapolis, Minnesota.

          s/ John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge